UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WILLIAN DAVILA ARCILA,

Petitioner,

v.

KEVIN RAYCRAFT et al.,

Respondents.

Case No. 1:26-cv-3218

Honorable Jane M. Beckering

# OPINION

Petitioner, a United States Immigration and Customs Enforcement (ICE) detainee currently detained at the North Lake Processing Center located in Baldwin, Lake County, Michigan, initiated this action by filing a counseled petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Pet., ECF No. 1.) For the following reasons, the Court will conditionally grant Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.

## Discussion

### I. Procedural History

In Petitioner's § 2241 petition, he challenges the constitutionality of his current detention following an order issued by the Detroit Immigration Court denying him bond, and asks the Court to, *inter alia*, issue a writ of habeas corpus pursuant to 28 U.S.C. § 2241 ordering Respondents to release Petitioner or provide Petitioner with a bond hearing where the government bears the burden of proof by clear and convincing evidence that Petitioner is a flight risk or danger to the community. (Pet., ECF No. 1, PageID.7.) In an order entered on November 10, 2026, the Court directed Respondents to show cause, within three business days, why the writ of habeas corpus

should not be granted. (Order, ECF No. 3.) Respondents filed their response and a recording of the November 9, 2026, bond hearing on November 16, 2026, (Resp., ECF No. 4; Recording of Nov. 9, 2026, Bond Hearing, filed on Nov. 16, 2026), and Petitioner filed his reply on November 17, 2026, (ECF No. 5), and a copy of the Immigration Judge Order from the bond hearing, (ECF No. 6).

## II. Relevant Factual Background

This is Petitioner's second habeas petition. In his first habeas action, *Davila Arcila v. Raycraft et al. (Davila Arcila I)*, 1:26-cv-3010 (W.D. Mich.), the Court set out the facts underlying Petitioner's immigration status:

> Petitioner is a native and citizen of Venezuela. (Notice to Appear (NTA), ECF No. 4-1, PageID.22.) The Department of Homeland Security (DHS) permitted Petitioner to enter the United States in May of 2023,[1] and Petitioner has remained in the United States since that time. (See Pet., ECF No. 1, PageID.3–4.) On October 8, 2026, Department of Homeland Security (DHS) agents encountered and arrested Petitioner. (Resp., ECF No. 4, PageID.14.)

Op., *Davila Arcila I*, (W.D. Mich. Nov. 4, 2026), (ECF No. 6.)

On October 21, 2026, Petitioner filed his first § 2241 petition challenging his initial detention without a bond hearing. Pet., *Davila Arcila I*, (W.D. Mich. Oct. 21, 2026), (ECF No. 1). In *Davila Arcila I*, the Court conditionally granted Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, ordering Respondents to provide Petitioner with a bond hearing under 8 U.S.C. § 1226(a) within five business days of the date of the Court's Opinion and Judgment or, in the alternative, immediately release Petitioner from custody. Op. & J., *Davila Arcila I*, (W.D. Mich. Nov. 4, 2026), (ECF Nos. 6, 7).

---

[1] On May 28, 2023, Petitioner was paroled into the United States under 8 U.S.C. § 1182(d)(5)(A). (NTA, ECF No. 4-1, PageID.22.) There is nothing in the record before the Court to establish that Petitioner remained paroled when he was arrested by ICE on October 8, 2026.

On November 9, 2026, Petitioner received a bond hearing pursuant to § 1226(a). (Immigration Judge Order, ECF No. 6, PageID.40.) At the bond hearing, the Immigration Judge stated, "This came back on a habeas. Let me see. I didn't see where they shifted the burden, let me take a look." (Recording of Nov. 9, 2026, Bond Hearing, at 1:00–1:10, filed on Nov. 16, 2026.) In response, Petitioner's counsel confirmed what the Immigration Judge had said, stating: "There is no burden shifting your honor [in the District Court's habeas order]." (*Id.* at 1:10–1:16.) At the conclusion of the hearing, the Immigration Judge denied Petitioner's request for a bond, and in the Immigration Judge's written order denying bond, the Immigration Judge stated, "[Petitioner] is found to be a flight risk and danger to the community." (Immigration Judge Order, ECF No. 6, PageID.40.)

## III. Analysis

Respondents argue that the Court should deny Petitioner's § 2241 petition due to a lack of jurisdiction and Petitioner's failure to exhaust Petitioner's administrative remedies, as well as on the merits. The Court has fully addressed these issues and Respondents' arguments in *Soto-Medina v. Lynch*, 817 F. Supp. 3d 612 (W.D. Mich. 2026). Therefore, for the reasons set forth in *Soto-Medina*, the Court will conditionally grant Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.

## IV. Other Claims and Other Forms of Relief

Because the Court will conditionally grant Petitioner's § 2241 petition as set forth herein, the Court does not address other claims and other requested relief in Petitioner's § 2241 petition.

## Conclusion

For the reasons discussed above, the Court will enter a judgment conditionally granting Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. The Court will order Respondents to provide Petitioner with an individualized bond hearing before an immigration

judge, at which time the government will have the burden to demonstrate dangerousness or flight risk by clear and convincing evidence, within five business days and with notice to the Parties as soon as practicable, no later than 24 hours prior to the scheduled hearing, or, in the alternative, immediately release Petitioner from custody. The Court will also order Respondents to file a status report within six business days of the date of this Court's opinion and judgment to certify compliance with this opinion and the corresponding judgment. The status report shall include if and when the bond hearing occurred, if bond was granted or denied, and if bond was granted, the conditions of the bond, or if bond was denied, the reasons for the denial.

Dated: November 24, 2026

/s/ Jane M. Beckering
Jane M. Beckering
United States District Judge